AO 472 Order of Detention Pending Trial

# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
V.
**TERHON LAMARR GUIDRY**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:06-MJ-301

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
- ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
- ☒ for which a maximum term of imprisonment of ten years or more is prescribed in  21 U.S.C. § 801 et seq
- ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a 26-year-old lifelong resident of this district with an extensive criminal record. The record indicates that in addition to a number of charges, including two felony convictions, defendant has shown a remarkable refusal to abide by the trust placed in him by various courts, such as in the form of probation. Following a 1998 conviction for operating under the influence of liquor, defendant was on two separate occasions held in contempt of court. Following a subsequent conviction for possession of marijuana, the defendant violated the conditions of his nine-month probationary period. Defendant was also found in violation of another probationary period commencing in February 1999. (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition(s) will assure the safety of the community or the appearance of the defendant. It appears defendant may have rebutted the part of the presumption pertaining to risk of flight in light of the fact that he has been charged in state court as well and has remained present while charges there have been pending. He has not, however, rebutted the presumption that he continues to be a danger to the community, which presumption has only been highlighted by (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: January 17, 2006

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a)

United States v. Terhon Lamarr Guidry
1:06-MJ-301
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

### Alternate Findings (B) - (continued)

Defendant received his first felony conviction in 2001 on a delivery of cocaine charge. It appears he was on probation for that offense when he was convicted of a second felony cocaine charge, which resulted in a prison term and a revocation of his probation for the first felony offense. According to the defendant's probation agent, defendant has been placed on tether numerous times for technical violations and violated as recently as May 2005 for drinking. There is a violation now pending in this regard. The record also reflects that defendant was released on a bond by the U.S. District Court for the Northern District of Indiana on DUI charge, but failed to appear there on April 20, 2005. It is quite possible defendant will be facing a mandatory life in prison on the present charges.

### Part II - Written Statement of Reasons for Detention - (continued)

defendant's terrible record in those instances when a court has placed trust in him by releasing him on probation. There is no reason to believe that he would not abuse such trust while on bond if given the opportunity. It appears that the present charge also arose while defendant was on probation.